FILED

NOT FOR PUBLICATION

DEC 28 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROZ GLASSER,

          Plaintiff-Appellant,

  v.

NATIONAL MARINE FISHERIES
SERVICE, and BARRY THOM,
Acting Regional Administrator,
National Oceanic and Atmospheric
Administration,

          Defendants-Appellees,

and

CITY OF SEATTLE, and
WASHINGTON DEPARTMENT OF
FISH AND WILDLIFE,

          Intervenors-
          Defendants-Appellees.

No. 08-35764

D.C. No. 2:06-cv-00561-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 16, 2009
Seattle, Washington

---

[*] This disposition is not appropriate for publication and may not be cited to or by
the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

- 1 -

Before: RAWLINSON, CALLAHAN, Circuit Judges, and BURNS,[**] District Judge.

The City of Seattle constructed and operates a sockeye salmon hatchery in the Cedar River watershed, which could incidentally harm two local fish species listed under the Endangered Species Act. Appellant Roz Glasser (Glasser) sued the National Marine Fisheries Service (NMFS) and D. Robert Lohn, Regional Administrator of the National Oceanic and Atmospheric Administration, challenging NMFS's approval of the salmon hatchery, its issuance of an incidental take permit (ITP) and final biological opinion, and the agreement implementing these decisions, known as the Cedar River Habitat Conservation Plan (CRHCP).

Among other things, Glasser challenged the adequacy of the administrative record supporting the CRHCP, and requested that other materials she identified be added. The City of Seattle then requested that NMFS amend the ITP to exclude the sockeye hatchery at issue here. The NMFS obliged, which had the effect of removing the legal protection the City enjoyed under the ITP for violations of the Endangered Species Act arising out of its operation of the hatchery.

Glasser then filed a supplemental complaint contending the procedures required by the Administrative Procedure Act, 5 U.S.C. § 706, were not followed

_____

[**] The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

before the ITP was amended, and the decision to amend the ITP was contrary to the National Environmental Policy Act. She sought declaratory relief that the law had been violated, as well as injunctive relief directing NMFS to rescind its removal of the hatchery from the amended ITP and conservation plan. The district court denied all relief and dismissed Glasser's supplemental complaint.

We affirm. We hold Glasser lacks standing to pursue the claims in her supplemental complaint. By removing the hatchery from the ITP, NMFS gave Glasser what she was initially asking for, *i.e.,* the right to sue the City of Seattle under the Endangered Species Act if it was established that the City was harming the two listed species through its operation of the hatchery. In contrast, Glasser's supplemental complaint alleges only procedural injury, in particular the way the return to the status quo was accomplished.

A procedural injury *in vacuo* is insufficient to support standing. *Summers v. Earth Island Inst.*, ___ U.S. ___, 129 S.Ct. 1142, 1149–51 (2009) (holding that after dispute over alleged environmental harm was settled, plaintiff had no standing to challenge the basis for the allegedly harmful action or pursue a claim for violation of procedural rights); *see also id.* at 1153 (explaining that procedural injury without concrete injury is insufficient to confer standing) (Kennedy, J., concurring). And it doesn't make a difference that Glasser may have to pursue another lawsuit against the City of Seattle if it turns out the hatchery is harmful to the salmon; the

inconvenience of litigating claims arising from future injuries likewise does not support standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that an injury in fact sufficient to support Article III standing must be actual or imminent); *Vermont Agency of Natural Resources v. United States* ex rel. *Stevens*, 529 U.S. 765, 773 (2000) (explaining that standing must be based on something more than the costs of litigating the claim).

In light of our holding that Glasser lacks standing to challenge the procedure leading to the amendment of the ITP, we do not reach the issue of whether the administrative record below was complete or ought to have been supplemented. *Phelps v. Alameida*, 569 F.3d 1120, 1127 (9th Cir. 2009) (holding that, where a plaintiff lacks standing, federal courts cannot render a decision on the merits of a dispute).

**AFFIRMED**.